## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PATRICK S. and NOAH S.,** | **RULING & ORDER** |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:20 cv 283** |
| **UNITED BEHAVIORAL HEALTH, doing business as OPTUM,** | **District Judge Ted Stewart** |
| **Defendant.** | **Magistrate Judge Dustin B. Pead** |

On August 3, 2022, Plaintiffs Patrick S. and Noah S. filed their Short Form Motion to Compel Discovery ("Motion") seeking to compel Defendant United Behavioral Health's responses to their "Requests for Production of Documents, Interrogatories, and Requests for Admission."[1]

Upon review, Plaintiffs' Motion is denied.[2] First, Plaintiffs fail to identify the specific and discrete discovery requests in dispute. Instead, Plaintiffs simply state that "[t]he arguments for how and why the discovery requests are proper under the Federal Rules of Civil Procedure are outlined in the exhibits attached to this Motion."[3] While the court acknowledges that this District's short-form discovery rule imposes page limitations, such restrictions do not place the onus of determining the dispute, or of discerning a party's arguments, onto the court.[4]

---

[1] ECF No. 47.

[2] *Id.*

[3] *Id.* Plaintiffs attach nearly one hundred (100) pages of exhibits to the Motion. (ECF No. 47-1, ECF No. 47-2, ECF No. 47-3, ECF No. 47-4.)

[4] *See* DUCivR 37-1.

Second, Plaintiffs attach an April 4, 2022, meet and confer letter identifying what they perceive to be deficient responses.[5] However, the parties' correspondence after the April 4 letter suggests that meet and confer discussions are ongoing and a resolution without court intervention may be reached.

As a result, the Court DENIES Plaintiffs' Motion without prejudice subject to the following:

1. Based on the requirements of Rule 37-1 of the Local Rules of Civil Practice, the parties must make reasonable efforts to resolve their discovery dispute through meet and confer efforts prior to seeking court assistance.[6] As a result, the parties are ORDERED to continue their meet and confer negotiations. No later than August 12, 2022, the parties shall file a stipulated Status Report outlining the meet and confer discussions to date. If the parties agree that continued discussions are no longer productive, Plaintiffs may re-file their Motion to Compel with respect to discovery disputes they consider to be outstanding.

2. If a Motion to Compel is filed, the Motion must identify with specificity the nature of the discovery dispute and include substantive argument regarding each discovery request or response at issue. If the number of discovery disputes at issue is not compatible with the short-form page limitations, Plaintiffs may file an overlength motion and include, in the overlength motion , a request for overlength briefing. This procedure supersedes the general requirement of Rule 7-1 to file a separate motion for overlength briefing before filing an overlength motion.[7] If appropriate, the court will grant reasonable requests for overlength briefing and allow equivalent briefing for the other party.

---

[5] ECF No. 47-4.

[6] *See* DUCivR 37-1(a) *See also B & D Dental v. KOD Co.,* 2015 WL 461530, at *2 (D. Utah Feb. 3, 2015) ("The rules require ongoing good faith and reasonable efforts to reach a resolution prior to filing a motion. Having a meeting, or multiple meetings, is only part of the process. Earnestly seeking a resolution is another.").

[7] *See* DUCivR 7-1(a)(6)(A).

**IT IS SO ORDERED.**

Signed August 18, 2022.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge